EDDY HSU, ESQ. (BAR # 245390)
LAW OFFICE OF EDDY HSU
111 NORTH MARKET ST.
SUITE 300
SAN JOSE, CALIFORNIA 95113
(408) 625-1138
(408) 625-1139 FAX

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>REYNALDO MOTA LEANO & AMPARO DE ASIS LEANO,<br>            Debtors.<br>REYNALDO MOTA LEANO & AMPARO DE ASIS LEANO,<br>            Plaintiff<br>vs<br>AURORA LOAN SERVICES, *et al*<br>            Defendants | Case No. 10-48935<br><br>Adv. No: _____<br><br>Chapter 13<br><br>COMPLAINT SEEKING DISALLOWANCE OF PROOF OF CLAIM AND OTHER RELIEF |

**Complaint Seeking Disallowance of Proof of Claim and Other Relief**

    Debtors, by counsel, object to Proof of Claim Number 8, filed by AURORA LOAN SERVICES in the amount of $558,426.35 and assigns the following reasons for the same:

### COUNT 1 – FAILURE TO FOLLOW RULE 3001(c)

1. The proof of claim does not comply with Federal Rules of Bankruptcy Procedure 3001(c) because the claim is based on a written loan agreement, but neither an original nor copy of the <u>CURRENT</u> agreement is attached to the proof of claim.

2. The proof of claim alleges that as of August 4, 2010, Debtors had missed the 8/10 payment. However, Debtors made their payment on August 11, 2010. (Attached is a true and accurate copy of the bank statement reflecting the payment to Creditor for August 2010 as Exhibit A.)

3. Since this Creditor filed the proof of claim on October 14, 2010, it had more than ample time to record the payment so reasonable mistake cannot be claimed.

4. Debtors reported the debt to Aurora debt without arrears and as disputed.

Page 1 of 2

Case: 10-04348   Doc# 1   Filed: 11/08/10   Entered: 11/08/10 14:49:45   Page 1 of 2

5. Furthermore, Debtors are current with the creditor's escrow payments so they cannot owe an escrow shortage. (Attached is a true and accurate copy of the mortgage statement dated August 10, 2010 as Exhibit B)

6. The Post-Petition Bankruptcy Attorney Fees and Costs were not approved by the Court and should be denied given the level of error in the proof of claim

7. As a result of Aurora's failure to comply with Federal Rules of Bankruptcy Procedure 3001(c), its proof of claim is not entitled to prima facie validity.

### COUNT 2 – FAILURE TO FOLLOW RULE 3001(d)

8. Additionally, the proof of claim does not comply with Federal Rules of Bankruptcy Procedure 3001(d) because Aurora fails to provide the basis for a secured claim.

9. None of the attached Note or Deed of Trust list Aurora as the owner or beneficiary of the debt instrument.

10. As a result of Aurora's failure to comply with Federal Rules of Bankruptcy Procedure 3001(d), its proof of claim is not entitled to prima facie validity.

### COUNT 3 – UNAUTHORIZED COLLECTION RELATED TO BANKRUPTCY

11. In or about October, 2010, Aurora sent Debtor a bill of $150.00 in additional to the regular mortgage payment and escrow payment. (Attached is a true and accurate copy of the additional bill from Aurora as Exhibit C)

12. Upon inquiry, Aurora informed Debtors that the bill was for bankruptcy charges. These charges violate the automatic stay under 11 USC 362 and 11 USC 503 because these have not been approved by the bankruptcy court to pursue pre-petition debt.

**WHEREFORE,** the Debtors respectfully request that this Court disallow the proof of claim filed by AURORA LOAN SERVICING, award attorney fees and sanction pursuant to 28 USC 1927, 11 USC 105 and 11 USC 506 for prosecution of this objection, and other order and further relief as is just and proper.

Dated: 10/28/2010

/s/*Amparo De Asis Leano*  /s/*Reynaldo Mota Leano*
AMPARO DE ASIS LEANO   REYNALDO MOTA LEANO
   Debtor      Debtor


Dated: 11/8/2010   /s/ *Eddy Hsu*
   Eddy Hsu, Esq.
   Attorney for Debtor